UNITED STATES, Appellee

v

DONALD K. MIMS, Basic Airman, U. S. Air Force, Appellant

8 USCMA 316, 24 CMR 126

No. 9433

Decided October 25, 1957

*Captain Norman J. Nelson* argued the cause for Appellant, Accused. With him on the brief were *Lieutenant Colonel Stanley S. Butt* and *Lieutenant Colonel Ellis L. Gottlieb.*

*Captain Lawrence J. Gross* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Francis P. Murray* and *Major John M. Rankin.*

## Opinion of the Court

GEORGE W. LATIMER, Judge:

The accused and another airman were charged jointly with the commission of two offenses, namely, the wrongful use and possession of heroin, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. As to this accused, the court-martial returned a finding of not guilty of wrongful possession but guilty of wrongful use. He was sentenced to dishonorable discharge, total forfeitures, and confinement for a period of two years, and the findings and sentence were approved by all subsequent authorities. We granted his petition for review to ascertain the merits of his contention that he was convicted upon his uncorroborated confession.

The facts are not in dispute, so we take the liberty of summarizing them generally as they are set out in the opinion of the board of review. The two airmen were patients at Fitzsimons Army Hospital, where they occupied beds in the same wing of a tubercular ward. Their beds paralleled each other on the same side of the ward, and they were separated by a distance of about twenty feet. There were five or six intervening beds and each was separated from the adjoining bed by a parti-

tion which sloped from a height of six feet at the head of the bed to four feet at its foot.

On March 14, 1956, an agent for the Office of Special Investigations, after having obtained permission from the appropriate military commanders, searched the personal possessions of the two airmen. No evidence of a habit-forming drug or the equipment by which it could be administered was found in the stall occupied by this accused. However, found in the area used by the other airman were an eye dropper, two hypodermic needles, and a tablespoon, all of which were wrapped in a small face towel. One of the needles was attached to the eye dropper. While certain incriminating evidence was taken from this other airman, no evidence of any kind was found on the person of the accused. After being fully advised of his rights, the accused orally stated that between 6:00 and 6:30 p.m. on March 13, 1956, he had taken a shot or injection of heroin. In a written statement, the accused made a more detailed confession of his use of heroin.

Subsequent to a warning under Article 31, the Office of Special Investiga-

tions agent received consent from the accused to look at his arms. He observed two or three small punctures in one arm and remarked that they looked like needle marks. The accused replied they were caused by the taking of blood samples which was required by the treatment he was undergoing. An attending physician who examined the accused noted the presence of one or two needle scars in the elbow of the accused at the normal site for puncturing a vein to obtain blood for laboratory examination.

This case brings into issue a principle we have dealt with on numerous occasions. Defense counsel contend there is insufficient evidence to establish a corpus delicti or corroborate the confession, and the Government seeks to refute that assertion by contending to the contrary. In addition, the Government again urges us to retreat from our holdings in the previous cases. For us to answer the last contention would be no more than a republication of the principles we set out in United States v Villasenor, 6 USCMA 3, 19 CMR 129. There our attention was called to the United States Supreme Court case of Opper v United States, 348 US 84, 99 L ed 101, 75 S Ct 158 (1954), and we were importuned to follow the rule of that case. A reading of ■ Villasenor will furnish one with the reasons why we concluded that the Manual for Courts-Martial, United States, 1951, stated the law in the military, and we stand firm on that rule. We, therefore, use it as our measuring rod in this case.

In order to meet the test we have previously outlined, it was incumbent upon the Government to ■ produce evidence to show the probability that the offense as alleged had been committed by someone. Generally stated, it is not necessary that the evidence show the identity of the perpetrator, and the board of review used that rule. However, we believe it was improperly applied in this type of case. Here the board reasoned that the contraband equipment established the probability that someone in the ward was using a habit-forming drug and that was suf-

ficient to corroborate the confession of the accused. In cases involving use of drugs, that sort of reasoning is not sound for, if carried to its logical conclusion in this instance, every person in the hospital—or, for that matter, on the post—would be an inferential user.

While the rule states that there must be evidence in the record that the offense charged has probably been committed by someone, when the specification alleges use of narcotics that some one must, of necessity, be the accused. Otherwise no corpus delicti is made out and an accused could be convicted on his uncorroborated confession. Certainly, proof that one airman possessed equipment to administer narcotics would not, standing alone, corroborate a confession by any third party that he, too, was a user. We must, therefore, scan the record to determine if there is other evidence which more closely connects the accused with the use of heroin. Our search discloses only two evidentiary items which point in that direction. The first has been previously mentioned, and it is the discovery, within twenty feet of accused's bed, of paraphernalia commonly used to administer the drug. The second is the presence of needle marks on his arm. We have no doubt that possession of equipment for injecting foreign substances into the blood stream, such as was here found secreted among the possessions of an airman, would show that the possessor probably was using it for illegal purposes. But we fail to see how that would raise any kind of an inference that a third party occupant of a hospital ward was probably making use of the equipment. There is no showing that accused had any proprietary interest in the articles or that they were ever in his possession. He was living some five beds removed from the area where they were found, and he could not be held responsible for what other patients possessed. We do not even find a suspicious circumstance from that evidence, and we have not overlooked one matter which was emphasized by the board of review. It

318

reasoned that possession of two needles raised an inference that, to prevent infection, two persons in the ward were using the equipment. We are not prepared to say that sanitary measures do not suggest that individualized needles would be preferable, but so many other rational hypotheses could account for the extra needle that we believe that deduction is founded on pure conjecture. However, even assuming some justifiable base for the inference, the finger of suspicion would not necessarily be pointed toward the accused.

The other piece of evidence which, under different circumstances, might corroborate the confession is the presence of needle marks on accused's arm. We say under different circumstances because in this instance the markings are not in the least inconsistent with innocence. The testimony establishes that the accused was required to submit blood samples to assist in the treatment of his disease, and the needle punctures were positioned where blood extractions would be taken. Therefore, there just is no corroboration found in that testimony for, if it does not point toward innocence, it is neutral and adds nothing to the probability that a crime has been committed.

In summation, we have possession of contraband equipment by a third person and hypodermic needle marks which the record shows could have been made in the normal treatment of the accused. We find those inadequate to show the probability that the accused used a drug or, in the alternative, that they corroborate his confession.

Accordingly, the decision of the board of review is reversed. The findings and sentence are set aside, and the charge is dismissed.

FERGUSON, Judge (concurring in the result):

I concur in the result. I do so because I consider the corpus delicti rule expressed in the Manual for Courts-Martial, United States, 1951, paragraph 140a, a better rule for the military than that laid down in Opper v United States, 348 US 84, 75 S Ct 158, 99 L ed 101. This separate concurrence is necessary in view of the implication in the principal opinion that this Manual rule is binding on this Court. The opinion refers. to United States v Villasenor, 6 USCMA 3, 19 CMR 129, which specifically so holds.

The test for proof of the ˙corpus delicti is in the area of legal sufficiency and therefore subject to approval by this Court. The Manual treatment of questions of criminal law has never been considered to be binding on this Court. United States v Jenkins, 7 USCMA 261, 22 CMR 51. This Court, as the court of last resort in the military, has the exclusive jurisdiction to set the law in such areas in the absence of action by the Congress. Fisher v United States, 328 US 463, 66 S Ct 1318, 90 L ed 1382.

I must also disassociate myself from the statement in the principal opinion that:

". . . We have no doubt that possession of equipment for injecting foreign substances into the blood stream, such as was here found secreted among the possessions of an airman, would show that the possessor probably was using it for illegal purposes."

I do not understand this to be an issue in the case, and I have doubts that it expresses a correct rule of law.

QUINN, Chief Judge (dissenting):

The requirement that a confession must be corroborated is satisfied if "substantial independent evidence which would tend to establish the trustworthiness" of the confession is introduced. Opper v United States, 348 US 84, 93, 99 L ed 101, 75 S Ct 158. The independent evidence need not itself establish criminality. Here, there were marks of several needle punctures on the accused's arm. True, these marks might be attributed to an innocent cause, but they also constitute substantial evidence establishing the trustworthiness of the accused's statement to the Office of Special Investigations agent that on the previous day he had

taken an injection of heroin in the hospital ward shower room. I would, therefore, affirm the decision of the board of review.