UNITED STATES, Appellee

v

FRANK L. COLARUSSO, Private First Class, U. S. Marine Corps, Appellant

18 USCMA 94, 39 CMR 94

No. 21,531

January 10, 1969

*Lieutenant Scott M. Feldman,* JAGC, USNR, was on the pleadings for Appellant, Accused.

*Lieutenant Matthew J. Wheeler, Jr.,* JAGC, USN, was on the pleadings for Appellee, United States.

## Opinion of the Court

PER CURIAM:

Private First Class Colarusso was tried by special court-martial at the U. S. Naval Base, Subic Bay, Philippines, on nine charges embracing fourteen specifications. However, because of favorable findings and subsequent reductive action by the convening authority and board of review on the findings and sentence, the appellant appears before this Court convicted of only wrongful appropriation, wrongful use of provoking words, and the infraction of a lawful regulation, in violation of Articles 121, 117, and 92, Uniform Code of Military Justice, 10 USC §§ 921, 917, and 892, respectively. The affirmed sentence is now a bad-conduct discharge, probationally suspended, confinement at hard labor for four months, and forfeiture of $65.00 per month for a like period. We granted appellant's petition for review on the following issue:

"Whether inadequacy of the defense counsel with relation to the Specification of Additional Charge IV, only, prejudiced the accused."

The single specification under Charge IV alleges the breach of a general regulation making it unlawful to possess firearms. At the time of trial, the weapon in question was excluded from evidence, on defense objection, as being the product of an illegal search. Nevertheless, nonlawyer defense counsel, acting under the faulty belief that there was still evidence as to the presence of the weapon before the court, permitted the accused to take the stand where he judicially admitted possession.

In United States v Gardner, 9 USCMA 48, 25 CMR 310, the prosecution's case—relating to a specification of larceny to which accused pleaded not guilty—consisted of but a pretrial statement by that accused. Thus, "[w]ithout independent evidence that the offense charged had probably been committed, this showing did not establish a *prima facie* case of guilt. United States v Mims, 8 USCMA 316, 24 CMR 126." *Id.,* at page 49. Gardner's subsequent judicial admission, however, removed this evidentiary deficiency. Satisfied defense counsel's lack of assistance was confined to only that specification, we set aside the finding of guilty thereto. The *Gardner* record of trial was then returned to the Judge Advocate General of the Navy for resubmission to a board of review for either dismissal of the specification and reassessment of the sentence or the ordering of a rehearing.

This case falls within the *Gardner* rationale. We, likewise, conclude defense counsel's lack of assistance was confined only to Charge IV. In this instance, however, it appears that the inadmissibility of both the pistol and related testimony concerning the unlawful search and seizure precludes prosecution from offering adequate proof of the charge. Under these circumstances, the proper course is to reverse and dismiss Charge IV.

The finding of guilty to Charge IV and the sentence are set aside. The record of trial is returned to the Judge Advocate General of the Navy for resubmission to the board of review for reassessment of the sentence on the remaining findings of guilty.