UNITED STATES, Appellee

v

MALCOLM A. AFFLICK, Private First Class,
U. S. Army, Appellant

18 USCMA 462, 40 CMR 174

No. 21,847

August 1, 1969

Major Dennis R. Hunt argued the cause for Appellant, Accused. With him on the brief were Colonel Daniel T. Ghent and Major David J. Passamaneck.

Captain William R. Steinmetz argued the cause for Appellee, United States. With him on the brief were Lieutenant Colonel David Rarick, Major Edwin P. Wasinger and Major R. Kevin McHugh.

## Opinion of the Court

FERGUSON, Judge:

While this accused was convicted, in Charge III, of six specifications (2 through 7) involving the use, possession, and transfer of marihuana and opium, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934, we are concerned in this appeal only with specification 6 alleging that he used marihuana on April 16, 1967.[1]

The only direct evidence of this particular offense, adduced by the Government, was contained in a pretrial statement of the accused which was admitted into evidence. In his statement, the accused related that he obtained a package of cigarettes on April 15th from a Vietnamese woman. Although they were in a sealed Salem package, he thought they were marihuana cigarettes. That night, while in their tent, he, Beavers and Voss, both fellow soldiers, smoked some of the cigarettes. The next night, April 16th, they smoked some more. He also gave a cigarette to Voss during the day on the 16th.

Both Voss and Beavers testified that on the night of April 15th, they smoked

---

[1] Charges I, II and specification 1 of Charge III were dismissed when the law officer sustained a defense motion for a finding of not guilty. Specification 8 of Charge III was dismissed on a defense motion for lack of jurisdiction.

cigarettes supplied by the accused from a Salem package. Voss stated that the accused admitted to him that they were marihuana cigarettes and when asked by trial counsel how many times he smoked one of these cigarettes, he replied, "[j]ust that night." Beavers testified that he accepted a cigarette from the accused and when he smoked it, "[i]t tasted odd." He had no idea as to what kind of cigarette it was.

Neither witness was asked nor did they volunteer any information relative to the 16th.

Paragraph 140a, Manual for Courts-Martial, United States, 1951, provides that:

"An accused cannot legally be convicted upon his *uncorroborated* confession or admission. A court may not consider the confession or admission of an accused as evidence against him unless there is in the record other evidence, either direct or circumstantial, that the offense charged had probably been committed by someone." [Emphasis supplied.]

The matter was quite thoroughly explored in United States v Smith, 13 USCMA 105, 32 CMR 105, and need not be restated. Suffice to say that in *Smith,* a majority of this Court held that since the corroboration rule set forth in the Manual was a valid exercise of presidential authority under Article 36, Code, supra, 10 USC § 836, it has the force of law. See also United States v. Beverly, 14 USCMA 468, 34 CMR 248; United States v Spain, 17 USCMA 347, 38 CMR 145.

The Government contends that the circumstances of the accused's possession, use, and transfer of marihuana on the 15th, his possession of opium on the 18th, and his possession of marihuana on the 25th, all of which formed the other five specifications of which he was found guilty, are sufficient to establish a course of conduct from which it could fairly be inferred that he used marihuana on the 16th. That, however, is not enough. As a majority of this Court stated in United States v Mims, 8 USCMA 316, 318, 24 CMR 126:

"While the rule states that there must be evidence in the record that the offense charged has probably been committed by someone, when the specification alleges *use* of narcotics that some one must, of necessity, be the accused. Otherwise no corpus delicti is made out and an accused could be convicted on his uncorroborated confession." [Emphasis supplied.]

In the case at bar, while the circumstances might possibly indicate *possession* of marihuana on the 16th, possession is not use and the latter was the offense of which the accused was convicted. It is the Government which initiates, investigates, and tries the charges and specifications. When a specification alleges the *use* of a drug on a specific date, there must be some evidence, *aliunde,* a confession, that the accused *used* the drug on that date. United States v Mims; United States v Smith; United States v Beverly; United States v Spain, all supra. In this case there was no such evidence. Reversal and dismissal are required. Article 67(e), Code, supra, 10 USC § 867.

The decision of the board of review as to specification 6 of Charge III is reversed. The specification is ordered dismissed. The record of trial is returned to the Judge Advocate General of the Army. A board of review may reassess the sentence on the basis of the remaining findings of guilty.

Chief Judge QUINN concurs.

DARDEN, Judge (concurring):

I concur separately only because of my belief that we are not required to rely on United States v Mims, 8 USCMA 316, 24 CMR 126, to reach this result. In this case, I think the evidence in the record fails to meet the test of the regular rule that in establishing a corpus delicti the evidence required to corroborate a confession must show that the offense has probably been committed by someone. Paragraph 140a, Manual for Courts-Martial, United States, 1951.