**UNITED STATES, Appellee**

**v.**

**Charles A. YATES, Aviation Ordnanceman Third Class, U.S. Navy, Appellant.**

**No. 55,977.**
**NMCM Misc. Dkt. No. 86–05.**

U.S. Court of Military Appeals.

May 26, 1987.

Certiorari Denied Oct. 5, 1987.
See 108 S.Ct. 154.

For Appellant: *Major Rick P. Walton,* *USMC* (argued); *Lieutenant Commander J.J. Quigley, JAGC, USN* (on petition).

For Appellee: *Lieutenant Commander Lawrence W. Muschamp, JAGC, USN* (argued); *Captain Wendell A. Kjos, JAGC, USN* and *Lieutenant W.A. Durling, JAGC, USNR* (on petition).

*Opinion of the Court*

COX, Judge:

The accused was charged with rape, carnal knowledge, sodomy, and indecent acts with a child, in violation of Articles 120, 125, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 925, and 934, respectively. Prior to pleas, the defense moved to suppress the accused's confession for lack of corroboration.[1] After taking evidence and hearing argument on the matter, the military judge granted the motion to suppress, finding that the confession was uncorroborated. Whereupon, the Government appealed pursuant to Article 62, UCMJ, 10 U.S.C. § 862. The Court of Military Review reversed the decision of the military judge. 23 M.J. 575 (N.M.C.M. R.1986). We granted the petition to review the following issue:

WHETHER THE NAVY–MARINE CORPS COURT OF MILITARY RE-

---

1. For a scholarly discussion of the corroboration rules, *see* Cutts, *Corroboration of Confessions: The Opper Rule,* 13 AF JAG L.Rev. 50 (Winter 1971).

VIEW ERRED WHEN IT CONCLUDED THAT THE TRIAL JUDGE ERRED AS A MATTER OF LAW IN SUPPRESSING APPELLANT'S CONFESSION.

On August 9, 1985, the accused's wife took their 2–year-old daughter for a medical examination because the child had a vaginal discharge. After tests, the child was diagnosed as having gonorrhea. The accused and his wife were then tested and the results for both were negative for gonorrhea. When interviewed by the Naval Investigative Service, the accused admitted having sexual contact with the child, although he denied that he had ever contracted gonorrhea himself. He stated that he had sexual relations with a bar girl in the Republic of the Philippines in mid-July 1985 and had sexual contact with the child upon his return. Medical evidence established that gonorrhea is transmitted by sexual contact in 99 percent of the cases reported. Further, there was a five-to-ten percent probability of a false-negative on gonorrhea tests administered to the accused and his wife. Other medical testimony indicated that the standard medication used in treating gonorrhea can be purchased over the counter in some countries and "can effect a cure within 24 hours."

The military judge found that the accused's admissions were not sufficiently corroborated as there was "no evidence independently identifying the accused as the perpetrator." After a detailed discussion of the law and the facts of the case, the Court of Military Review held "that the trial judge erred as a matter of law in requiring the Government to prove through independent evidence alone the identity of the accused as the perpetrator of the offenses." 23 M.J. at 579. We agree.

 It is widely accepted that a conviction cannot be based solely on an uncorroborated, out-of-court admission or confession of the accused. *See generally McCormick on Evidence* § 145 (E. Cleary 3d ed. 1984); 7 Wigmore, *Evidence* §§ 2070–2074 (Chadbourn rev. 1978). The rationale behind this requirement was explained by the Supreme

Court in *Smith v. United States*, 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192 (1954):

Its purpose is to prevent "errors in convictions based upon untrue confessions alone," *Warszower v. United States, supra,* [312 U.S. 342] at 347 [61 S.Ct. 603, 606, 85 L.Ed. 876 (1941)]; its foundation lies in a long history of judicial experience with confessions and in the realization that sound law enforcement requires police investigations which extend beyond the words of the accused. Confessions may be unreliable because they are coerced or induced, and although separate doctrines exclude involuntary confessions from consideration by the jury, *Bram v. United States, supra* [168 U.S. 532, 18 S.Ct. 183, 42 L.Ed. 568 (1897)]; *Wilson v. United States, supra* [162 U.S. 613, 16 S.Ct. 895, 40 L.Ed. 1090 (1896)], further caution is warranted because the accused may be unable to establish the involuntary nature of his statements. Moreover, though a statement may not be "involuntary" within the meaning of this exclusionary rule, still its reliability may be suspect if it is extracted from one who is under the pressure of a police investigation—whose words may reflect the strain and confusion attending his predicament rather than a clear reflection of his past. Finally, the experience of the courts, the police and the medical profession recounts a number of false confessions voluntarily made, Note, 28 Ind.L.J. 374. These are the considerations which justify a restriction on the power of the jury to convict, for this experience with confessions is not shared by the average juror. Nevertheless, because this rule does infringe on the province of the primary finder of facts, its application should be scrutinized lest the restrictions it imposes surpass the dangers which gave rise to them.

348 U.S. at 153, 75 S.Ct. at 197.

In *Opper v. United States*, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954), the Supreme Court rejected the proposition that the corroborative evidence must "establish

the whole of the *corpus delicti.*" Rather, "[i]t is sufficient if the corroboration supports the essential facts admitted sufficiently to justify a jury inference of their truth." 348 U.S. at 93, 75 S.Ct. at 164. In *Smith v. United States, supra,* the offense was tax evasion, which the Court described as resulting in "no tangible injury which can be isolated as a *corpus delicti.*" It was reasoned, therefore, that as to such a crime, "it cannot be shown that the crime has been committed without identifying the accused." 348 U.S. at 154, 75 S.Ct. at 198.

Applying *Opper* and *Smith* in *Wong Sun v. United States,* 371 U.S. 471, 489–90 n. 15, 83 S.Ct. 407, 418 n. 15, 9 L.Ed.2d 441 (1963), the Supreme Court stated as follows:

> Where the crime involves physical damage to person or property, the prosecution must generally show that the injury for which the accused confesses responsibility did in fact occur, and that some person was criminally culpable. A notable example is the principle that an admission of homicide must be corroborated by tangible evidence of the death of the supposed victim. See 7 Wigmore, Evidence (3d ed. 1940), § 2072, n. 5. There need in such a case be no link, outside the confession, between the injury and the accused who admits having inflicted it. But where the crime involves no tangible *corpus delicti,* we have said that "the corroborative evidence must implicate the accused in order to show that a crime has been committed." 348 U.S., at 154, 75 S.Ct. at 198.

■ Thus, the *Opper-Smith* rule does not require independent evidence identifying the accused as the perpetrator in every case. *See United States v. Johnson,* 589 F.2d 716 (D.C.Cir.1978); *United States v. Vega-Limon,* 548 F.2d 1390 (9th Cir.1977). In paragraph 140*a* (5), Manual for Courts-Martial, United States, 1969 (Revised edition), the President adopted the corroboration rule as set forth by the Supreme Court

in *Opper* and *Smith.* See D.A.Pam. 27–2, Analysis of Contents, Manual for Courts-Martial, United States, 1969, Revised Edition, p. 27–9 (1970). Mil.R.Evid. 304(g) tracks the language of paragraph 140*a* (5) and merely "restates the present law of corroboration with one major procedural change." App. 22, Analysis, Manual for Courts-Martial, United States, 1984, at A22–12. It provides:

> An admission or a confession of the accused may be considered as evidence against the accused on the question of guilt or innocence only if independent evidence, either direct or circumstantial, has been introduced that corroborates the essential facts admitted to justify sufficiently an inference of their truth.

The "major procedural change" is contained in Mil.R.Evid. 304(g)(2), which provides that it is the sole responsibility of the military judge to "determine when adequate evidence of corroboration has been received." Mil.R.Evid. 304(g)(1) states that the quantum of corroborating evidence required is that sufficient "to raise only an inference of the truth of the essential facts admitted."

■ In a case such as this, where the crime is one involving physical injury to a person, *Wong Sun* says it is sufficient under the *Opper-Smith* approach if the independent evidence establishes "that the injury for which the accused confesses responsibility did-in-fact occur, and that some person was criminally culpable." 371 U.S. at 489 n. 15, 83 S.Ct. at 418 n. 15. Because the military judge stated on the record that the Government was required to corroborate the identity of the accused as the perpetrator, he was apparently acting under a misapprehension of the applicable law when he made his ruling on the suppression motion. The Court of Military Review specifically refused to express a "view as to whether the independent evidence sufficiently corroborates the accused's confession." 23 M.J. at 579. Thus, at trial, it is for the military judge to determine whether

the corroborating evidence is sufficient to "raise an inference of the truth of the essential facts admitted." Mil.R.Evid. 304(g)(1).[2] Quite aside from corroboration considerations, of course, it is for the triers of fact to determine whether the evidence as a whole is sufficient to establish all elements of the offenses beyond a reasonable doubt.

The decision of the United States Navy-Marine Corps Court of Military Review is affirmed.

Judge SULLIVAN concurs.

2. Although the military judge found independent evidence of sexual contact, he went on to find, unnecessarily, that there was no independent evidence that the accused was the perpetrator of that sexual contact. He stated, in part:

In Prosecution Exhibits 3 and 4, the accused described acts that gave rise to the charges and specifications before the court. Specifically, either penetrate or place penis at the opening of [the victim]'s vagina, which addresses the rape, or the lesser included offense of attempt in Charge I and the two specifications thereunder; that he did commit sodomy on [the victim]; and that he did ejaculate by masturbation of semen onto the body of [the victim] sometime after the middle of July—approximately one week after the middle of July 1985.

\* \* \* \* \* \*

[I]ndependent evidence reasonably establishes sexual contact; either placing the penis against, mouth against, or semen onto the vagina of [the victim]. She did have gonorrhea on 9 August 1985. And, contacting gonorrhea is caused in 99% of the cases by sexual contact, such as placing the mouth onto, the penis against, or semen onto the vagina.

The accused, in his confession, stated that he did each of these acts; that he did place his penis against the vagina of [the victim]; his mouth onto the vagina of [the victim]; and he did ejaculate semen on the body of [the victim].

\* \* \* \* \* \*

Considering the "slight" quantum of evidence required under Mil.R.Evid. 304(g), Judge Sullivan and I, unlike Chief Judge Everett, would be inclined to admit the accused's confessions. *See* S. Saltzburg, L. Schinasi, & D. Schlueter, *Military Rules of Evidence Manual* 139 (2d ed. 1986). However, that issue does not require resolution by this Court, as the Court of Military Review left that determination to the military judge. *See United States v. Tucker*, 20 M.J. 52, 53 (C.M.A.1985) ("Congress expressly intended for the amended Article 62 of the Code to be

EVERETT, Chief Judge (concurring in part and dissenting in part):

Appellant was charged with rape and carnal knowledge of his 2-year-old daughter; sodomy with her; and indecent acts with her, in violation of Articles 120, 125, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 925, and 934, respectively.[1] The Government's evidence, independent of the confession, established that in the summer of 1985 the victim had gonorrhea, which in almost every instance is transferred by sexual contact. However, according to the medical evidence, the presence of gonorrhea does not prove "with

construed to permit either party to appeal an adverse ruling from a Court of Military Review to this Court.")

Moreover, it is dangerously speculative to get into the ultimate issue on the record before us. As noted by Chief Judge Everett (at 117 n. 1), the record does not, as it should, contain a copy of the charge sheet. However, Chief Judge Everett indicates that the indecent-acts offense "is based on the admissions in appellant's supplemental confession," *id.* at 118, which recites two acts of oral sex with the victim. My reading of the record indicates that the indecent acts offense was likely based on admissions in appellant's original statement, wherein the accused admitted that he ejaculated on the child's stomach.

In any event, the supplemental confession states that the accused

admitted that on two prior occasions he has performed oral sex on [the victim]. Yates was unable to tell reporting agent exactly when these acts occurred, but stated they have occurred since [the victim] was two years old, and subsequent to her arrival on Okinawa in 1984.

The record reflects that the child was 2½ years old at the time she was diagnosed as having gonorrhea in August of 1985. As the accused admitted that the acts of oral sodomy occurred when the child was 2 years old, it is difficult to follow Chief Judge Everett's reasoning that the acts of oral sodomy were insufficiently corroborated because they occurred "substantially before the discovery in mid-July 1985 that Yates' daughter had gonorrhea." *Id.* at 118. A reasonable inference to be drawn from the evidence is that the acts of oral sodomy took place close in time to the discovery of the gonorrhea, a date *since* the child was 2 years of age and *subsequent* to her arrival in Okinawa.

1. The charge sheet is not in the record of trial at its appropriate place; but the nature of the charges was stated by trial counsel. (R. 2).

any degree of medical certainty ... that there was penetration" or "that there was sodomy ... [o]r oral sex." In light of this undisputed medical evidence provided by the Government's expert witness, I conclude that, although the military judge erred in the standard of corroboration that he applied, he reached a result that in many respects was correct.

As the majority opinion observes, the Manual for Courts-Martial should not be construed to require independent evidence of the identity of the person who committed a crime.[2] At 116. The 1951 Manual made clear that such corroboration was unnecessary. Para. 140*a*, Manual for Courts-Martial, United States, 1951, p. 252. In all subsequent Manuals the intent was to liberalize, rather than to tighten, the requirements of corroboration. DA Pam. 27–2, Analysis of Contents, Manual for Courts-Martial, United States, 1969 (Revised edition), para. 140*a* (5); App. 18, Analysis of Military Rule of Evidence 304(g), Manual, *supra*; App. 22, Analysis of the 1980 Amendments, Mil.R. Evid. 304(g), Manual for Courts-Martial, United States, 1984. The evidentiary defect in this case is that the confession and the evidence do not dovetail in the way required by Mil.R.Evid. 304 (g), as well as by the 1951 and 1969 Manuals for Courts-Martial.

On November 21, 1985, Yates was interviewed by Special Agent David C. DePriest of the Naval Investigative Service (NIS) concerning child molestation, child abuse, and neglect. In a sworn statement he admitted "that I could of possibly passed" gonorrhea to his daughter "through accidental sexual contact." He explained that in mid-July 1985, he had attended a Navy school in the Philippines, where he "had sexual intercourse" and "oral sex" with a "bar girl." The next week he had returned home to Okinawa, where subsequently he was examined at a naval hospital at Mr. DePriest's request. In the interval, on two occasions he had "masturbate[d] on ...

[his daughter's] stomach," after which he "would wipe the semen off her stomach." He did "not remeber [sic] if any semen got into her vagina." Yates stated that he "did not intentional[ly] try to insert ... [his] penis into" his daughter's "vagina" and he "did not climax." However, he "notice[d] my penis touched the entrance to her vagina." According to Yates' confession, "[a]s far as I know I did not penitrate [sic] [his daughter's] vagina, but was conscious of what was happening." Later in the statement he commented, "Regarding the issue of gonorrhea, I still do not know how ... [his daughter] came down with the disease. I have never had gonorrhea, even though I have had two extramartial [sic] relationships in the past."

Yates executed a supplemental statement later that same day. There "he admitted that on two prior occasions he has performed oral sex on" his daughter. He could not tell "exactly when these acts occurred"; but they had "occurred since [his daughter] was 2 years old, and subsequent to her arrival on Okinawa in 1984."

According to the medical evidence, Yates and his wife had been tested for the presence of gonorrhea after their daughter had been discovered to have this disease. The tests of the parents were negative. Special Agent DePriest testified that he had checked military dispensaries and clinics on Okinawa to determine if Yates had been treated for gonorrhea and had received a negative response.

Apparently the charge of indecent acts under Article 134 is based on the admissions in appellant's supplemental confession. From my reading of this confession, it appears to refer to events substantially before the discovery in mid-July 1985 that Yates' daughter had gonorrhea. From the medical evidence it seems clear that the onslaught of the gonorrhea was closely related in time to whatever sexual contacts caused the disease.

---

2. I must admit that the language of the current Manual provision, Mil.R.Evid. 304(g), Manual for Courts-Martial, United States, 1984, is ambiguous enough to allow the interpretation adopted by the military judge.

If a suspect confesses to crimes A and B, which occur at different times, and there is independent evidence as to crime A, the combination of that evidence and the confession to crime A does not provide adequate corroboration of crime B. *See United States v. Afflick,* 18 U.S.C.M.A. 462, 40 C.M.R. 174 (1969). Under these circumstances, the portion of the confession that concerns crime B is inadmissible for lack of corroboration.[3] Indeed, Mil.R.Evid. 304(g) specifically directs: "If the independent evidence raises an inference of the truth of some but not all of the essential facts admitted, then the confession or admission may be considered as evidence against the accused *only with respect to those essential facts stated in the confession or admission that are corroborated by the independent evidence.*" (Emphasis added.) Because I discern no independent evidence which corroborates the supplemental confession, I conclude that it cannot be considered to establish the two acts of oral sex on which the charge of indecent acts was based. Thus, there remains no evidence as to that Charge, and it should be dismissed.

With respect to the charge of sodomy, the supplemental statement is also inadmissible. The lapse of time between the earlier acts of "oral sex" and the occurrence of the gonorrhea prevents the presence of that disease from constituting independent evidence that would allow use of these admissions to prove sodomy. Of course, the supplemental confession has no relevance to the rape charge. Thus, if the medical evidence does not provide the corroboration that would permit its use to prove the charge of indecent acts or sodomy, there is no corroboration that would permit its use as proof that a rape occurred. Accordingly, I conclude that the trial judge acted correctly in suppressing the supplemental statement.

The initial confession did not admit to any acts of oral sex or any other acts that would constitute sodomy. Thus, as to the sodomy charge, a factfinder could consider only the evidence that Carolyn had contracted gonorrhea and that the disease may have been caused by sodomy. However, according to the undisputed medical testimony, the presence of gonorrhea does not of itself prove "with any degree of medical certainty ... that there was" "sodomy," "oral sex," or "penetration." Thus, as to the sodomy charge against Yates, the real issue is not so much admissibility of appellant's initial confession as the sufficiency of the Government's evidence when considered in the aggregate. In my view, unless the Government can produce additional evidence, the sodomy charge falls because of insufficient proof.

With respect to the Article 120 violations—rape and carnal knowledge [4]—it would seem that the medical evidence establishes a possibility that penetration of the vagina occurred, as would be requisite for either offense. Under one reading, the initial confession may be construed to contain an admission of penetration or attempted penetration. However, it appears to me that, when read as a whole, the confession admits no more than an indecent assault or indecent acts with a minor. The problem is that, although the independent evidence corroborates the occurrence of some sort of prohibited sexual contact between appellant and his daughter, it does not make clear what type of contact it was.

If the initial confession had contained a clear admission of either rape or sodomy, I believe the corroboration would be adequate. However, as I understand the requirement imposed by Mil.R.Evid. 304(g), the independent evidence, taken along with the confession, must be sufficient to persuade a reasonable factfinder that the accused is guilty. Here, with respect to the

---

3. Perhaps under some circumstances Mil.R. Evid. 404(b) would provide a rationale for allowing commission of crime A to be considered as corroboration of the confession to crime B; but I do not perceive an adequate basis for using such a rationale in the present case.

4. Since a 2-year-old child cannot consent to sexual intercourse, the coexistence of the carnal knowledge charge with the rape charge would appear to be over-charging.

charge of rape, the independent evidence against Yates, considered along with his confession, seems inadequate to prove that appellant raped his daughter. Thus, the basic requirement set forth in *Opper v. United States*, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954), to which the majority opinion refers, has not been met.

However, the initial confession by Yates clearly encompasses an indecent assault on his daughter and indecent acts with her. These are lesser-included offenses of the rape and sodomy charges. Thus, the confession was admissible for purposes of establishing appellant's guilt of these included offenses.

Accordingly, I would remand this case to the military judge with directions that he suppress entirely the supplemental confession and that he allow the initial confession to be used, along with the independent evidence, to establish that in July 1985 appellant committed the lesser-included offenses of indecent assault on his daughter or indecent acts with her.