UNITED STATES, Appellee,

v.

Larry J. MELVIN, Sergeant, U.S. Army, Appellant.

No. 56,029.
CM 448535.

U.S. Court of Military Appeals.

May 23, 1988.

For Appellant: *Captain Richard J. Anderson* (argued); *Colonel Brooks B. La Grua, Lieutenant Colonel Paul J. Luedtke, Major Dale K. Marvin* (on brief); *Colonel John T. Edwards* and *Captain James E. O'Hare.*

For Appellee: *Captain Richard Parker* (argued); *Colonel Norman G. Cooper, Lieutenant Colonel Larry D. Williams, Lieutenant Colonel Gary F. Roberson, Captain Mark P. Sposato* (on brief); *Captain Carlton L. Jackson.*

### Opinion of the Court

SULLIVAN, Judge:

On January 16, 1986, appellant was tried by a general court-martial composed of officer and enlisted members at Darmstadt, Federal Republic of Germany. Contrary to his pleas, he was found guilty of wrongful possession of drug-abuse paraphernalia and wrongful possession of heroin on June 13, 1985, and wrongful use of heroin on numerous occasions "between the period 1 February 1985 and 5 June 1985," in violation of Articles 92 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 912a, respectively. He was sentenced to a bad-conduct discharge, confinement for 6 months, total forfeitures, and reduction to the lowest enlisted grade. The convening authority approved these results. The Court of Military Review affirmed the findings and sentence in a short-form opinion on July 10, 1986.

This Court granted review of the following issue:

WHETHER APPELLANT'S CONVICTION FOR THE OFFENSE OF WRONGFUL USE OF HEROIN CAN STAND SOLELY UPON APPELLANT'S UNCORROBORATED CONFESSION.

We hold that appellant's confession was adequately corroborated by other evidence presented in this case and conclude that his conviction was proper. *United States v. Yeoman*, 25 M.J. 1 (C.M.A.1987). *See generally* Mil.R.Evid. 304(g)(1), Manual for Courts-Martial, United States, 1984.

Two German police officers testified that on June 13, 1985, they stopped appellant and his wife, who were driving their car on a public road. They further testified that they found in the car three cigarettes containing a white powdery substance and three drinking straws with white adhesions upon them. The white substance and adhesions were later identified as heroin.

Appellant's subsequent confession to the German police was admitted in evidence. He said that he had just left an acquaintance's house where he had smoked heroin cigarettes. His supplier was an African nicknamed "Dudu" whom he had known for 6 months. Appellant also stated that his wife had smoked heroin cigarettes. Finally, he admitted he had "rolled and consumed" a total of about 20 heroin cigarettes during the past 4 months with Dudu.

At trial, appellant testified that he did not smoke heroin but his wife did. He further stated that he had met with Dudu only to exchange video tapes. He admitted that he had earlier lied to the German police because he felt responsible for his wife's conduct and believed their only concern was Dudu. His wife took the stand at trial and corroborated his testimony. Two tests of appellant's urine before the incident and three tests after it failed to show that appellant had used heroin.

On appeal, appellant asserts for the first time that there was no independent evidence that corroborated his confession to the use of heroin "between the period 1 February 1985 and 5 June 1985."

———

■ We note generally that a confession is corroborated when independent evidence supports its truthfulness or reliability. *See generally United States v. Taylor*, 802 F.2d 1108, 1116–17 (9th Cir.1986). Although no mathematical formula exists to measure sufficient corroboration, our review of the federal court decisions cited below leads us to conclude that the amount of corroboration generally needed is not great. Considering the language of Mil.R. Evid. 304 (g)(1), we also conclude that the amount needed in military courts may be very slight. *United States v. Yeoman, supra. See* Analysis of Mil.R.Evid 304(g), p. A22–12, Manual, *supra.*

■ In *Opper v. United States*, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954), and *Smith v. United States*, 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192 (1954), the Supreme Court held that corroboration was needed to establish the truthfulness or trustworthiness of a confession before it could be used as evidence. According to the Supreme Court:

[T]he corroborative evidence need not be sufficient, independent of the statements, to establish the *corpus delicti*. It is necessary, therefore, to require the Government to introduce substantial independent evidence which would tend to establish the trustworthiness of the statement.... [Citation omitted.] It is sufficient if the corroboration supports the essential facts admitted sufficiently to justify a jury inference of their truth....

*Opper v. United States, supra* 348 U.S. at 93, 75 S.Ct. at 164. There is no general requirement that the independent corroborating evidence be sufficient for conviction by itself. *Cf.* para. 140 *a*, Manual for Courts-Martial, United States, 1951; *United States v. Afflick*, 18 U.S.C.M.A. 462, 40 C.M.R. 174 (1969). Again, according to the Supreme Court:

It is agreed that the corroborative evidence does not have to prove the offense beyond a reasonable doubt, or even by a preponderance, as long as there is substantial independent evidence that the offense has been committed, and the evidence as a whole proves beyond a reasonable doubt that defendant is guilty. [Citations omitted.] ...

*Smith v. United States, supra* 348 U.S. at 156, 75 S.Ct. at 199. This view of the scope of the corroboration rule is well established. *See United States v. Garth*, 773 F.2d 1469, 1479 (5th Cir.1985), *cert. denied*, 476 U.S. 1140, 106 S.Ct. 2246, 90 L.Ed.2d 693 (1986); *United States v. Pennell*, 737 F.2d 521, 537 (6th Cir.1984), *cert. denied*, 469 U.S. 1158, 105 S.Ct. 906, 83 L.Ed.2d 921 (1985); *United States v. Moore*, 735 F.2d 289, 293 (8th Cir.1984); *United States v. O'Connell*, 703 F.2d 645, 648 (1st Cir.1983); and *United States v. Fasolino*, 586 F.2d 939, 941 (2d Cir.1978). We hold the same rule of corroboration also exists in the military. Mil.R.Evid. 304(g). *Cf.* para. 140 *a*, Manual for Courts-Martial, United States, 1969 (Revised edition). *See United States v. Yates*, 24 M.J. 114 (C.M.A.), *cert. denied*, — U.S. ——, 108 S.Ct. 154, 98 L.Ed.2d 109 (1987).

■ In the instant case, independent evidence in the record shows that at the time of his arrest, appellant was in possession of heroin, the very drug he confessed to using earlier. Moreover, the heroin was contained in cigarettes, the very method of consumption he admitted to employing on the earlier dates. Also, the straws found in his car clearly suggest a familiarity with the drug culture consistent with the number of acts he admitted. Finally, evidence of his friendship with Dudu, a known drug dealer, and his leaving Dudu's apartment at the time of his arrest dovetails with his description of the situs and circumstances of his earlier acts.

This evidence as a whole created a strong inference of truth with regard to appellant's confession. *Cf. United States v. Mims*, 8 U.S.C.M.A. 316, 24 C.M.R. 126 (1957). A factfinder could reasonably conclude from it that appellant had told the truth at the time he gave his confession. In *United States v. Roth*, 777 F.2d 1200, 1207 (7th Cir.1985), that court stated:

> [A]ll that was required was "extrinsic evidence corroborating the admission as a whole which, taken together with the admission, is sufficient to support a finding of guilt beyond a reasonable doubt." *United States v. Trombley*, 733 F.2d 35, 37–38 (6th Cir.1984) (per curiam).

As the *Roth* court succinctly put it, and as we hold in the case before us, "That there was." *Id.*

Finally, we note that appellant did not object to a lack of corroboration at trial, and he raised this issue for the first time on appeal. Although we do not decide this case on the basis of waiver under Mil.R. Evid. 103, we nonetheless recognize that its resolution on this basis would not be unjustified.

The decision of the United States Army Court of Military Review is affirmed.

Judge COX concurs.

EVERETT, Chief Judge (concurring in part and dissenting in part):

I agree that the Manual for Courts-Martial adopted the same requirement of corroboration which the Supreme Court has announced for Federal criminal trials. Thus, it is only necessary that there be "substantial independent evidence that the offense has been committed, and the evidence as a whole proves beyond a reasonable doubt that defendant is guilty." *See Smith v. United States*, 348 U.S. 147, 156, 75 S.Ct. 194, 199, 99 L.Ed. 192 (1954).

Here the extrinsic evidence was sufficient to corroborate Melvin's confession that he had used heroin. However, I do not believe that the confession and the corroboration would have allowed the Government to obtain findings of guilty on two or more specifications, each of which alleged a use of heroin during the relevant 4-month period of February 1 to June 5. Consequently, I doubt that here—where a single specification alleges use of heroin "on numerous occasions" during this period—the extrinsic evidence adequately corroborates the confession insofar as *multiple* use is concerned.

Accordingly, I would affirm the decision below as to findings except to the extent that it upholds the finding of guilty on the specification of Charge I to the words "on numerous occasions." Since I conclude that this error did not prejudice appellant as to sentence, I also would affirm the decision as to sentence.