**UNITED STATES**

v.

**Master Sergeant Fred A. MITCHELL, FR 249–84–6930, United States Air Force.**

**ACM 27853.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 1 March 1989.

Decided 8 Nov. 1989.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Captain Darla G. Orndorff.

Appellate Counsel for the United States: Colonel Joe R. Lamport and Captain Morris D. Davis.

Before BLOMMERS, KASTL and MURDOCK, Appellate Military Judges.

### DECISION

KASTL, Senior Judge:

Corroboration is the key issue in this case. At Clark Air Base, Republic of the Philippines, Master Sergeant Mitchell was charged with blackmarketing seven motor vehicles and conspiring to blackmarket motor vehicles, in violation of Articles 92 and 81, UCMJ, 10 U.S.C. §§ 892, 881.

The heart of the prosecution's case was a statement Mitchell made to the Office of Special Investigations (OSI). In this statement, Mitchell explained that he was persuaded by Technical Sergeant Humes to engage in blackmarketing. Mitchell stated that he had purchased *seven* vehicles for Humes and that Humes had revealed he had an "insider" at Clark Air Base who would remove automobile documents for him from Merchandise Control Office records.

At trial, Mitchell made a motion to suppress his pretrial statement to the OSI, arguing that it was not corroborated as required by Mil.R.Evid. 304(g). The military judge granted the motion as to conspiracy to blackmarket. However, he denied the motion as to blackmarketing of motor vehicles.

The documents introduced at trial show Mitchell definitely implicated in two prohibited transactions; we are satisfied that his confession is corroborated as to these two matters. However, the issue is far less clear as to the other five automobile transactions. As to these five, the prosecution introduced various documents at trial involving the sale of vehicles which implicated Humes; *yet they fail to definitively connect the appellant with any of the transactions.*

Given this posture of the evidence, the appellant argues before us that while the vehicle sale documents may directly involve Humes, they fail to furnish any corroboration against him for the five vehicles in question. In response, Government appellate counsel argue that a statement may be corroborated by either direct or circumstantial evidence; and that the details dovetail sufficiently to establish the appellant's guilt as to all seven vehicles. The Government also reminds us that the scheme in question necessarily involved "insider" destruction of numerous papers from Government automobile registration documents; too strict a corroboration standard will be self-defeating and permit culprits to escape if they can only manage to destroy the paperwork supporting their scheme, the Government suggests.

We affirm the appellant's conviction as to all seven vehicles. Mil.R.Evid. 304(g) sets forth the current military standard for corroborating an admission or confession. We recognize that the present fact pattern provides an unusual twist on Rule 304(g)—the riddle is whether there is adequate corroboration insofar as *multiple* offenses are concerned.

The issue of the kind and degree of corroboration that will suffice to sustain a conviction has been the subject of numerous analyses. We find few precedents which deal with the sort of problem presented here, where a recurring crime or series of crimes is alleged and the evidence arguably corroborates less than all portions. *See* Annot., 45 A.L.R. 2d 1316 (1956); VII Wigmore *Evidence* Sec. 2070 (Chadbourn rev. 1978); Cutts, *Corroboration of Confessions: The Opper Rule*, A.F. L.Rev. Vol. XIII, No. 1 page 50 (1971); Curtis, *Military Rule of Evidence 304(g)— The Corroboration Rule*, Army Lawyer 35 (July 1987).

We find this case governed by the rationale at the heart of both *United States v. Melvin*, 26 M.J. 145 (C.M.A.1988) and *United States v. Yates*, 24 M.J. 114 (C.M.A. 1987). In each, the Court of Military Appeals affirmed the conviction below by a divided vote. Such a majority provides clear-cut precedent; we, too, affirm. *See also United States v. Seigle*, 47 C.M.R. 340, 342 (C.M.A.1973) and *United States v. Dake*, 12 M.J. 666, 669 (A.C.M.R.1981). Indeed, in both *Melvin* and *Yates*, Chief Judge Everett (concurring in part and dissenting in part) appears to address the precise issue before us, though treating different offenses. *See United States v. Melvin*, 26 M.J. at 147 and *United States v. Yates*, 24 M.J. at 119–120. The law deals with the logic of probabilities, not the logic of certainties; we concede that there are earlier precedents apparently *contra. See United States v. Afflick*, 18 U.S.C.M.A. 462, 40 C.M.R. 174 (C.M.A.1969); *United States v. Spain*, 17 U.S.C.M.A. 347, 38 C.M.R. 45 (C.M.A.1968); *United States v. Mims*, 8 U.S.C.M.A. 316, 24 C.M.R. 126 (C.M.A.1957).

The findings of guilty and the sentence are correct in law and fact and, based upon the entire record, are

AFFIRMED.

Senior Judge BLOMMERS and Judge MURDOCK, concur.