**UNITED STATES**

**v.**

**Joseph W. HOWE, 316 86 6178, Sergeant (E-5), U.S. Marine Corps.**

**NMCM 92 1692.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 8 April 1991.

Decided 18 June 1993.

LT Lisa M. Higdon, JAGC, USNR, Appellate Defense Counsel.

R.J. Dove, Civilian Defense Counsel.

R.T. McNeil, Civilian Defense Counsel.

Maj Laura L. Scudder, USMC, Appellate Government Counsel.

Before LARSON, Chief Judge, and STRICKLAND and ORR, Senior Judges.

LARSON, Chief Judge:

Contrary to his pleas, the appellant was convicted by general court-martial, military judge sitting alone, of larceny, forgery of two personal checks, burglary of the barracks room of another Marine, fraudulent use of the military ID card of another, and false swearing, in violation of Articles 121, 123, 129 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 921, 923, 929 and 934, respectively. He was found not guilty of destruction of the private property of another, unlawful entry of another Marine's wall locker, and six specifications alleging illegal drug use and introduction. He was sentenced to confinement for 5 years, forfeiture of all pay and allowances, reduction to pay grade E–1, and a dishonorable discharge.

On appeal, the appellant claims that he was denied due process of law when the Government proceeded to trial on charges that could not be proved. Specifically, he claims that the six specifications under Charge II, alleging drug use and introduction, should not have been referred to trial and once referred, should have been withdrawn because the trial counsel was aware that the accused's confession to those offenses could not be corroborated. The prejudicial result, he argues, is that his case was referred to a general court-martial whereas, without the drug offenses, the convening authority may have selected a lesser forum. In addition, he claims that the uncorroborated portions of his confession to drug use may have unfairly contributed to the severity of his sentence. He asks this Court to set aside the findings of guilty, or, in the alternative, to reassess the sentence.[1] We agree with the appellant that Charge II should have been withdrawn, but we conclude that he has not been prejudiced with respect to the other findings of guilty. However, we cannot state with certainty that the uncorroborated confession to drug use had no effect on the sentence. For this reason, and because we also believe that the sentence is inappropriately severe, some reduction in the sentence is appropriate. We will address that matter in the decretal paragraph below.

I

After the appellant was identified as a suspect by the investigating agent of the Naval Investigative Service in the theft of another Marine's personal checks and wallet and the subsequent forgery of the signatures on two of those checks, he confessed in detail to committing the offenses of which he was ultimately convicted. In addition, although he was not suspected of any drug-related offense, he admitted to several such offenses to explain his need for money that led him to commit the offenses of which he was suspected. Pros. Ex. 1. All the offenses to which he admitted were referred to a pretrial investigation in accordance with Article 32, UCMJ, 10 U.S.C. § 832. The pretrial investigating officer noted in his recommendation to the convening authority that there was no evidence introduced to corroborate the accused's confession to the drug-related offenses and he recommended that, if no such evidence were discovered, those offenses be withdrawn. Despite the apparent absence of such corroboration, the drug-related offenses were referred, as

---

1. The appellant also assigns three others errors, all of which are systemic attacks on the jurisdiction of his court-martial and this Court, and all of which have been decided contrary to the appellant's position in other decisions. *United States v. Graf*, 35 M.J. 450 (C.M.A.1992); *United States v. Weiss*, 36 M.J. 224 (C.M.A.1992), *cert. granted*, — U.S. —, 113 S.Ct. 2412, 124 L.Ed.2d 635 (1993); *United States v. Mitchell*, 37 M.J. 903 (N.M.C.M.R.1993). Accordingly, we reject them without further comment.

Charge II, along with the other offenses to a general court-martial.

Following arraignment, the appellant moved to suppress his confession on the grounds that it was involuntary under Military Rule of Evidence (M.R.E.) 304(a); that it was the derivative product of an earlier unwarned statement; and that it was uncorroborated under M.R.E. 304(g). The military judge heard evidence concerning the voluntariness and derivative aspects of the motion and denied the motion on those grounds. Record at 56. As to the lack of corroboration, he deferred his ruling until he heard all the evidence on the merits. Yet, he also admitted the confession—presumably in its entirety—without specifically stating that its admission was subject to later corroboration. Record at 59. After the Government rested and the defense submitted no evidence on the merits, the military judge ruled that the confession was corroborated as to Charges III, IV, V and VII. He made no specific finding regarding corroboration of the confession as to Charges I, II and VI. Record at 65. He then proceeded immediately to announce findings of guilty to Charges III, IV, V, and VII and not guilty to Charges I, II, and VI. Record at 65–66. During the presentencing phase, no mention was made by any party as to the appellant's admissions to the drug offenses.

## II

■ At the outset, we find no error in the convening authority's decision to refer the charge in question to a court-martial. The decision to refer a charge should be based upon reasonable grounds to believe that an offense has been committed; that the accused committed it; and that the specification states an offense. Rule for Courts–Martial (R.C.M.) 601(b)(1). The convening authority is not required to screen the evidence to ensure its admissibility. In fact, the decision to prosecute may be premised on evidence which is incompetent, inadmissible, or even tainted by illegality. *Lawn v. United States,* 355 U.S. 339, 349, 78 S.Ct. 311, 317, 2 L.Ed.2d 321 (1958). The decision to refer is presumed to be made in good faith, *United States v. Hardin,* 7 M.J. 399, 404 (C.M.A.1979), and we will not inquire further into the decision-making process.

■ We take a different view of the Government's decision to proceed to trial on these charges with full knowledge that the accused's admissions to the underlying offenses could not be corroborated. The Government's prosecutorial duty requires that it not "permit the continued pendency of criminal charges in the absence of sufficient evidence to support a conviction." ABA, Standards for Criminal Justice (1986), Standard 3.8(a). Additionally, the trial counsel had an ethical obligation to recommend that any charge or specification not warranted by the evidence be withdrawn. JAGINST 5803.1A of 13 July 1992, enclosure (1), Rules of Professional Conduct, Rule 3.8(a). *Accord United States v. Phare,* 21 C.M.A. 244, 45 C.M.R. 18 (1972); *United States v. Asfeld,* 30 M.J. 917 (A.C.M.R.1990)

In this case, the only evidence to support the specifications under Charge II were the accused's admissions of illegal drug involvement in his confession. A confession is not admissible on the question of guilt or innocence unless the essential facts therein are corroborated by independent evidence sufficiently to infer the truth of those essential facts. M.R.E. 304(g). Contrary to the Government's position during oral argument, corroboration of a confession is not an "all or nothing" proposition. Corroboration of some of the essential facts does not establish the admissibility of those that are not corroborated. M.R.E. 304(g); *United States v. Rounds,* 30 M.J. 76 (C.M.A.), *cert. denied,* 498 U.S. 846, 111 S.Ct. 130, 112 L.Ed.2d 98 (1990); *United States v. Afflick,* 18 C.M.A. 462, 40 C.M.R. 174 (1969); *United States v. Poduszczak,* 20 M.J. 627 (A.C.M.R.1985). Accordingly, when he knew that the accused was going to plead not guilty to the offenses under Charge II and that he could not corroborate the accused's admissions to those offenses, the trial counsel's duty was to seek to withdraw that charge or at least to

inform the military judge that he did not have sufficient evidence to support it.

■ We are convinced that the appellant suffered no prejudice as to the findings because of this error. He was ultimately found not guilty of Charge II and the evidence to support the offenses of which he was found guilty was more than sufficient to sustain those findings. Moreover, this trial was before military judge alone and we are confident that the judge did not let the presence of the unsupportable drug offenses influence his findings as to the other offenses. Finally, in this case we find none of the factors that prompted our Army brethren to find a due process violation in the prosecution of unsupportable charges in *Asfeld.* We should add that, although the drug charges should not have been before the trier of fact, in the end the appellant has benefited as a result. Instead of the charges being withdrawn for possible re-referral at a later time, the appellant is now armed with an acquittal to preclude any subsequent attempt to try him for those same offenses. R.C.M. 907(b)(1)(C).

### III

We next address the question of the effect of the uncorroborated admissions of drug use on the sentence in this case. Unfortunately, the confusing state of the record makes it very difficult to determine whether these admissions were even before the military judge in the sentencing phase of the court-martial. As noted earlier, the judge admitted the confession without any apparent qualification; he made no express ruling on the defense motion to suppress the confession for lack of corroboration; and he made no specific findings as to whether the admissions to drug use and introduction were corroborated.[2] While the judge did find the appellant not guilty

of the drug-related offenses, in view of the conflicting evidentiary rulings, or lack thereof, we cannot infer from the findings that he found that portion of the confession pertaining to drug use inadmissible.[3] Other explanations are possible. For example, he may have concluded that the confession to drug abuse was sufficiently corroborated to justify admission but insufficient to sustain a finding of guilty to those offenses. Alternatively, he may have, erroneously, considered the lack of corroboration as merely a bar to conviction, not as a requirement for admissibility. *See United States v. Harjak,* 33 M.J. 577 (N.M.C.M.R. 1991).

■ We are certain, however, that if he did consider this evidence during sentencing, he erred. The sentencing authority may consider evidence of other offenses or acts of misconduct that are *properly* introduced on the merits. R.C.M. 1001(f)(2)(A). As noted earlier in this opinion, the corroboration requirement is a rule of admissibility. When the Government failed to corroborate the essential facts in the confession pertaining to drug use, that portion of the confession should not have been admitted on the merits or subsequently considered for any purpose. *United States v. McMurry,* 6 M.J. 348 (C.M.A.1979).

There is another reason why this evidence should not have been considered during sentencing, one that is more fundamental than the corroboration requirement for confessions. Due process of law dictates that an accused may only be sentenced for those offenses of which he stands convicted. *United States v. Eberhardt,* 417 F.2d 1009 (4th Cir.1969); *United States v. Moore,* 1 M.J. 940 (N.C.M.R.1976). Unlike the frequently litigated subject of uncharged misconduct, the drug-related offenses were charged misconduct, and the appellant was found not guilty. Once he

---

**2.** To further illustrate the uncertainty of the status of the evidence of drug abuse during sentencing, we note that the trial counsel did not refer to those offenses during his sentencing argument indicating that he believed they were off limits for sentencing consideration. Yet, Government counsel on appeal argued that the military judge *did* consider this evidence.

**3.** This case is a good example of the difficulty on appeal that ensues when a trial judge fails to clarify on the record the status of all offered evidence as well as the disposition of all motions.

was acquitted, he could not be sentenced for those offenses. Under the circumstances of this case, enhancing the appellant's punishment on the basis of his confession to those offenses is tantamount to punishing him for offenses of which he was found not guilty.

## IV

Finally, in determining whether the uncorroborated drug-related offenses affected the appellant's sentence, we note the following considerations. The appellant was a career Marine who confessed to fairly extensive drug abuse over an extended period of time. Had this evidence of drug abuse been properly admitted, it may well have justified a significant enhancement of the sentence. The relative severity of a sentence that includes confinement for 5 years and a dishonorable discharge for the offenses of which the appellant was ultimately convicted is an indication that it did affect the sentence.

In summary, because we cannot eliminate the possibility that these admissions of drug abuse affected the sentence, we will reassess in accordance with *United States v. Peoples,* 29 M.J. 426 (C.M.A.1990). In addition, as a separate matter, we agree with the appellant that his sentence was inappropriately severe for the offenses of which he was convicted. Article 66(c), UCMJ, 10 U.S.C. § 866(c). Accordingly, the findings of guilty and only so much of the sentence as provides for confinement for 30 months, forfeiture of all pay and allowances, reduction to pay grade E–1, and a bad-conduct discharge are affirmed.

Senior Judges STRICKLAND and ORR concur.