ERDMANN, Judge
(dissenting in part, concurring in part and concurring in the result):
I concur with the majority on Issues I, II and V. I respectfully dissent from their resolution of Issues III and IV. I find no corroboration of the confession to larceny and would reverse the Army Court of Criminal Appeals on Issue III, rendering Issue TV moot.
The corroboration requirement for admission of a confession at court-martial requires independent evidence which establishes the trustworthiness of the confession.[1] The purpose of the corroboration rule “is to prevent ‘errors in convictions based upon untrue confessions alone’ or suspect convictions based upon words which might ‘reflect the strain and confusion’ caused by ‘the pressure of a police investigation.’ ”[2]
Although we have described the quantum of independent evidence required for corroboration as “slight,”[3] Military Rule of Evidence 304(g)(1) still requires that it be sufficient to raise an inference of the truth of the essential facts admitted. “Slight” in this context does not mean the barest wisp of possibility. An inference of truth is raised only when “there is substantial independent evi *82 dence that the offense has been committed.”[4] Here, there is simply no independent evidence, substantial or otherwise, that a larceny has been committed.
The majority opinion concludes that Seay’s confession to larceny of Chafin’s wallet was sufficiently corroborated, but base that conclusion on a skein of inferences that arise from facts unessential to the offense of larceny:
When a person confesses to participation in the larceny of a wallet, it is reasonable to infer the truth of the confession from the fact that the victim named in the confession knew the Appellant, died as a result of foul play, was found in a concealed place, and did not have a wallet at the time or thereafter. We therefore hold that these reasonable inferences adequately corroborated Appellant’s confession[.]
Relying on these inferences as independent evidence, the majority opinion stretches the corroboration requirement beyond the breaking point. The corroboration rule requires independent evidence upon which inferences can be drawn, not inferences which substitute for evidence. Apart from the confession itself, no evidence suggests that Chafin ever possessed a wallet at all, much less that he was carrying one at the time of his murder.
The majority opinion notes that “[i]t is not necessary for the members to conclude that Chafin carried a wallet.” However, without evidence that Chafin possessed a wallet, we can give no weight to the fact that no wallet was found. There is no fact from which the essential truth of the confession may be inferred: i.e., that a wallet was stolen.
We have previously held that there was insufficient corroboration to illegal drug use where independent evidence showed only that the appellant had the opportunity to ingest illegal drugs and was with friends who had previously used illegal drugs.[5] Similarly, we have found insufficient corroboration to child abuse where independent evidence showed only that the accused parent had access and opportunity.[6] In this latter case, United States v. Faciane, we noted that “[a]l-though the Government argues that appellant’s exclusive custody of the child establishes that he had access and the opportunity to abuse her, we are unwilling to attach a criminal connotation to the mere fact of a parental visit.” [7]
The fact that the victim’s body was found in a concealed place, that he died as the result of foul play, that he knew Seay, and that a wallet was not found with the body is simply not enough to “corroborate[ ] the essential facts [of the larceny] to justify sufficiently an inference of their truth.”[8] Lacking substantial independent evidence that a larceny was committed, the military judge erred by admitting Seay’s confession to the larceny as evidence against him.
I would therefore reverse the decision of the Court of Criminal Appeals as to Issue III and set aside Seay’s conviction for larceny, thus mooting Issue IV. Nonetheless, because Seay’s sentence would be unaffected by this change as a result of his mandatory minimum life sentence for premeditated murder,[9] I concur in the result.

. United States v. Maio, 34 M.J. 215, 218 (C.M.A.1992).

. United States v. Yeoman, 25 M.J. 1, 4 (C.M.A.1987)(quoting Smith v. United States, 348 U.S. 147, 153, 75 S.Ct. 194, 99 L.Ed. 192 (1954)).

. Yeoman, 25 M.J. at 4.

. United States v. Melvin, 26 M.J. 145, 146 (C.M.A.1988) (quoting Smith v. United States, 348 U.S. at 156, 75 S.Ct. 194).

. United States v. Rounds, 30 M.J. 76 (C.M.A.1990).

. United States v. Faciane, 40 M.J. 399, 403 (C.M.A.1994).

. Id.

. Military Rule of Evidence 304(g).

. Article 118, Uniform Code of Military Justice, 10U.S.C. § 918 (2000).