**UNITED STATES, Appellee,**

**v.**

**Gregory P. DUVALL, Airman First Class, U.S. Air Force, Appellant.**

**No. 96–0862.**
**Crim.App. No. 31342.**

U.S. Court of Appeals for the Armed Forces.

Argued Jan. 8, 1997.

Decided Sept. 29, 1997.

Sullivan, J., filed dissenting opinion.

For Appellant: *Captain Margo Stone Newton* (argued); *Colonel David W. Madsen* and *Captain W. Craig Mullen* (on brief); *Colonel Jay L. Cohen, Lieutenant Colonel Kim L. Sheffield,* and *Captain Richard D. Desmond.*

For Appellee: *Captain Libby A. Brown* (argued); *Lieutenant Colonel Michael J. Breslin* (on brief); *Colonel Theodore J. Fink.*

*Opinion of the Court*

EFFRON, Judge:

In July 1994, appellant was tried by a general court-martial composed of officer members at March Air Force Base, California. He was convicted of wrongful use of marijuana but was acquitted of wrongful distribution of marijuana and wrongful use of lysergic acid diethylamide. *See* Art. 112a, Uniform Code of Military Justice, 10 USC § 912a. The members sentenced him to a bad-conduct discharge and reduction to the lowest enlisted grade. The convening authority approved these results, and the Court of Criminal Appeals affirmed. 44 MJ 501 (1996).

We granted appellant's petition on the following issue:

> WHETHER THE EVIDENCE WAS LEGALLY INSUFFICIENT TO SUPPORT APPELLANT'S CONVICTION WHERE THE MILITARY JUDGE DID NOT ADMIT THE EVIDENCE WHICH CORROBORATED APPELLANT'S CONFESSION.

We reverse for the reasons discussed below.[1]

I

At trial, prior to entering pleas, appellant moved to suppress a written statement that he had given to Air Force investigators on various grounds, including the absence of legally sufficient corroboration. *See* Mil. R.Evid. 304(g), Manual for Courts–Martial, United States (1995 ed.). The statement contained an admission by appellant that he had used marijuana in April 1993 at his off-base residence with Senior Airman (SrA) McKague. Other than appellant's admission, the Government apparently had no evidence of appellant's drug use, except for a hearsay statement from Airman Brents to the effect that Brents had been told by McKague that McKague and appellant had smoked marijuana at appellant's residence.

Appellant's suppression motion and related matters were considered by the military judge in a session without the presence of members under Article 39(a), UCMJ, 10 USC § 839(a), prior to acceptance of pleas and consideration of evidence on the merits. *See* Mil.R.Evid. 103(c) and 104(c). During that proceeding, SrA McKague invoked his privilege against self-incrimination and stated that he would not testify as to the merits of the allegations against appellant. That left the Government with only one piece of evidence to corroborate appellant's confession—Airman Brents' hearsay statement as to what SrA McKague told him.

The Government asked the military judge to rule that SrA McKague's statement to Airman Brents—that SrA McKague had smoked marijuana with appellant—was a statement against penal interest. Under Mil. R.Evid. 804(b)(3), such a statement is admissible when the hearsay declarant is unavailable. Because SrA McKague had invoked his privilege against self-incrimination, the Government contended that he was "unavailable" under Mil.R.Evid. 804(a).

The military judge agreed with the Government that SrA McKague was "unavailable." The judge made it clear, however, that he would not permit Brents to testify on the substance of McKague's admission during trial on the merits before the members.

Trial counsel continued to press for admission of Brents' testimony before the members, expressing concern that appellant's confession would have to be corroborated by independently admissible testimony. The military judge then ruled that Brents' hearsay testimony as to McKague's admission—that McKague had smoked marijuana with appellant—constituted a statement against interest under Mil.R.Evid. 804(b)(3). The military judge added, however, that although he would permit Brents to testify during the Article 39(a) session outside the presence of members to corroborate the confession, he would not permit the Government to present Brents' testimony to the members during trial on the merits.[2] The military judge then

1. We also granted review of the following issues:

I

WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY DENYING THE TRIAL DEFENSE MOTION TO SUPPRESS APPELLANT'S STATEMENTS TO THE SECURITY POLICE INVESTIGATOR AND OSI AGENT.

II

WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY FINDING SUFFICIENT CORROBORATING EVIDENCE TO SUPPORT APPELLANT'S CONFESSION.

IV

WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY 1) PROHIBITING DEFENSE COUNSEL FROM ARGUING TO THE MEMBERS THE LACK OF VOLUNTARINESS AND CORROBORATION OF APPELLANT'S CONFESSION, AND THEREBY 2) PRECLUDING AN INSTRUCTION TO THE COURT MEMBERS ON THOSE ISSUES.

Because our holding on Issue III is dispositive, we need not address the remaining issues.

2. The military judge applied a balancing test under Mil.R.Evid. 403, Manual for Courts–Martial, United States (1995 ed.), and found that admission of the testimony on the merits "would amount to bolstering" and would be "more prejudicial than probative, since I've already admitted the confession at this time" in the session under Article 39(a), Uniform Code of Military Justice, 10 USC § 839(a). If the Government believed that ruling was incorrect, particularly in light of the corroboration requirement, the ruling could have been appealed under Article 62, UCMJ, 10 USC § 862 (1983). In the absence of such an appeal, we express no opinion on the validity of excluding the testimony under Mil. R.Evid. 403.

ruled that the confession was adequately corroborated based on testimony received outside the hearing of the members during the Article 39(a) session. At the request of the prosecution, the military judge further ruled that the defense was precluded from raising before the members the issue of insufficient corroboration.

As noted by the Court of Criminal Appeals, the "net" result of the military judge's ruling was Brents' corroborative testimony was not introduced during trial on the merits. The issue presented to us is whether, in the absence of Brents' testimony, sufficient evidence was presented to the members under applicable rules to sustain appellant's conviction.

## II

The requirement that a confession be corroborated is a longstanding feature of military law. Paragraph 140*a* of the Manual for Courts–Martial, United States, 1951, provided:

> An accused cannot legally be convicted upon his uncorroborated confession or admission. A court may not consider the confession or admission of an accused as evidence against him unless there is in the record other evidence, either direct or circumstantial, that the offense charged had probably been committed by someone.... Usually the corroborative evidence is introduced before evidence of the confession or admission; but the court may in its discretion admit the confession or admission in evidence upon the condition that it will be stricken and disregarded in the event that the above requirement as to corroboration is not eventually met.

The 1969 edition of the Manual modified the rule concerning sufficiency of corroborating evidence but did not change the basic requirement for corroboration of confessions:

> It is a general rule that a confession or admission of the accused cannot be considered as evidence against him on the question of guilt or innocence unless independent evidence, either direct or circumstantial, has been introduced which corroborates the essential facts admitted sufficiently to justify an inference of their truth.... If the independent evidence raises an inference of the truth of some, but not all, of the essential facts admitted, then the confession or admission may be considered as evidence against the accused only with respect to those essential facts stated in the confession or admission which are so corroborated by the independent evidence. Although the independent evidence is usually introduced before introducing evidence of the confession or admission, the military judge ... may as a matter of discretion admit the confession or admission in evidence prior to the introduction of the independent evidence upon the condition that the statement must be excluded and disregarded if the above requirement as to the introduction of independent evidence is not eventually met. The independent evidence need not of itself be sufficient to establish beyond a reasonable doubt the truth of the facts stated in the confession or admission.... Although, to satisfy the requirement of corroboration of a confession or admission of an accused, the independent evidence need only raise an inference of the truth of the essential facts admitted, the accused cannot be convicted unless the confession or admission, together with the corroborating and any other evidence, is sufficient to convince the court of the guilt of the accused beyond a reasonable doubt.

Para. 140*a* (5), Manual for Courts–Martial, United States, 1969 (Revised edition).

The drafters' analysis emphasized that the changes from the 1951 Manual were designed to reduce the quantum of evidence required to corroborate a confession and to clarify the requirement to corroborate the facts sought to be proved by the prosecution. *See* Analysis of Contents, Manual, *supra* at 27–10. The drafters' analysis made clear that the changes did not alter the "main purpose" of the corroboration rule—"to corroborate the confession or admission so that one will be reasonably assured that it is not false...." *Id.* The analysis also pointed out that, although not specifically stated in the rule, the question of whether the confession was sufficiently corroborated was a matter for deter-

mination by the members and not the military judge. *Id.*

With the adoption of the Military Rules of Evidence in 1980, the rule was simplified. Mil.R.Evid. 304(g), which remains in effect, provided in pertinent part that

> [a]n admission or a confession of the accused may be considered as evidence against the accused on the question of guilt or innocence only if independent evidence, either direct or circumstantial, has been introduced that corroborates the essential facts admitted to justify sufficiently an inference of their truth.

The analysis accompanying the 1980 change states that the new rule "restates the prior law of corroboration with one major procedural change." Analysis of Mil.R.Evid. 304(g), Manual, *supra* (1995 ed.) at A22–13. The procedural change, however, did not alter the requirement for introduction of corroborating evidence on the issue of guilt or innocence. Under the 1980 revision, the initial determination as to whether a confession was sufficiently corroborated for purposes of admissibility was transferred from the members to the military judge, consistent with treatment of other preliminary questions concerning admissibility of confessions. *Id.* The analysis makes clear, however, that

> [t]he members must still weigh the evidence when determining the guilt or innocence of the accused, and the nature of any corroborating evidence is an appropriate matter for the members to consider when weighing the statement before them.

*Id.*

The text of the Rule continues the longstanding requirement that a confession cannot be considered on the issue of guilt or innocence unless corroborating evidence "has been introduced." The purpose of the prior corroboration rule—to ensure that the confession is not false—remains the primary purpose of the Rule under the 1980 revision. *See* S. Saltzburg, L. Schinasi, and D. Schleuter (hereafter Saltzburg), *Military Rules of Evidence Manual* 166 (3d ed.1991).[3]

The role of the members in deciding what weight to give a confession would be undermined if the corroborating evidence were produced only at an out-of-court session under Article 39(a) but not introduced before the members during their consideration of guilt or innocence. As noted by Saltzburg, *supra,* "[T]he amount and type of corroborating evidence are factors which may be considered by the members in deciding what weight the accused's confession or admission should receive." Because the military judge's ruling in this case precluded the members from considering any corroborating evidence in deciding what weight to give appellant's confession, the findings that are based solely on the confession must be set aside. *See United States v. Faciane,* 40 MJ 399 (CMA 1994).

## III

The decision of the United States Air Force Court of Criminal Appeals is reversed. The findings and the sentence are set aside. The record of trial is returned to the Judge Advocate General of the Air Force. A rehearing may be ordered.

Chief Judge COX and Judges CRAWFORD and GIERKE concur.

3. The dissent takes issue with the drafters of the corroboration rule, contending that the danger of "false confessions is slight." 47 MJ at 193. The dissent points to no developments since issuance of the 1969 Manual that would warrant a change in the corroboration rule. The literature suggests that the problem of false confessions is a matter of continuing concern. *See, e.g.,* Johnson, *False Confessions and Fundamental Fairness: The Need for Electronic Recording of Custodial Interrogation,* 6 B.U.Pub.Int.L.J. 719 (No. 3, Spring 1997); White, *False Confessions and the Constitution: Safeguards Against Untrustworthy Confessions,* 32 Harv.C.R.-C.L.L.Rev. 105 (No. 1, Winter 1997); *see also United States v. Hall,* 93 F.3d 1337 (7th Cir.1996) (remand based on district court's failure to undertake full inquiry into admissibility of expert testimony on false confession), and 974 F.Supp. 1198 (C.D.Ill., Aug. 13, 1997) (permitting specified expert testimony on subject of false confessions). Moreover, even if there were grounds for abandoning or modifying the protections for an accused set forth in the Manual's requirements concerning corroboration of confessions, the responsibility for initiating such changes rests with the President, not this Court. *See* Art. 36(a), UCMJ, 10 USC § 836(a); *United States v. Smith,* 13 USCMA 105, 120, 32 CMR 105, 120 (1962).

SULLIVAN, Judge (dissenting):

Today the majority disregards appellant's voluntary and corroborated confession and reverses his conviction. I must, therefore, respectfully dissent.

It is interesting to note that appellant does not proclaim his innocence or claim that his confession was coerced or involuntary. The majority does not hold otherwise.

Instead, the majority finds fault in trial counsel's failure to make an interlocutory appeal with respect to the military judge's ruling not to admit Senior Airman (SrA) McKague's corroborating statement as evidence before the members. *See* 47 MJ 190 n. 2. I note that the military judge's balancing act under Mil.R.Evid. 403, Manual for Courts–Martial, United States, 1984, excluded the statement from reaching the members in order to benefit appellant, not to prejudice him. *Cf. United States v. Shields,* 20 MJ 174, 177 (CMA 1985) (Everett, C.J., concurring in the result) (observing that the accused benefited from admission of otherwise inadmissible evidence because of the military judge's previous erroneous ruling).

Furthermore, the majority believes that the letter and purpose of the corroboration rule require the independent corroborative evidence to be introduced to the members in order to be considered. I believe the majority's approach is wrong, and its reasoning is unpersuasive in light of the facts of this case.

Under the Military Rules of Evidence, preliminary questions concerning admissibility of evidence are determined by the military judge. "In making these determinations the military judge is not bound by the rules of evidence. . . ." Mil.R.Evid. 104(a). In regard to corroboration of a confession, "[t]he military judge alone shall determine when adequate evidence of corroboration has been received." Mil.R.Evid. 304(g)(2). In addition, the corroborative evidence "need raise only an inference of the truth of the essential facts admitted." Mil.R.Evid. 304(g)(1).

The military judge determined, in accordance with the above rules, that SrA McKague's hearsay statement corroborating appellant's confession was a declaration against interest. *See* Mil.R.Evid. 804(b)(3). This evidence clearly raises an inference that appellant's confession was truthful.

The military judge then restricted use of the statement to its proper scope, *i.e.,* for use as corroboration, but not as evidence before the members. *Cf.* Mil.R.Evid. 105 (discussing "limited admissibility"); Mil.R.Evid. 403. Once the military judge appropriately found the confession admissible, "[t]he amount . . . of evidence introduced as corroboration" was "a factor to be considered by the trier of fact in determining the weight, if any, to be given to the . . . confession." Mil.R.Evid. 304(g)(1)(emphasis added). Thus, I find no error in the military judge's delicate handling of this evidence.

The majority also explains that the rationale behind the corroboration rule is to "ensure that the confession is not false." 47 MJ at 192. However, in light of Article 31, Uniform Code of Military Justice, 10 USC § 831, the danger of such false confessions is slight and most likely arises when one is "suffering a mental or emotional disturbance or some other aberration." *See Commonwealth v. Forde,* 392 Mass. 453, 466 N.E.2d 510, 513 (1984). Moreover, Wigmore points out that "[s]uch [false] confessions [of guilt], however, so far as handed down to us in the annals of our courts, have been exceedingly rare." 7 Wigmore, *Evidence* § 2070 at 510 (Chadbourn rev.1978).

Furthermore, Wigmore notes that the corroboration rule is, in the hands of unscrupulous attorneys, "often a positive obstruction to the course of justice." *Id.* Finally, any danger of a voluntary false confession is equally well guarded against by the "careful scrutiny" of a "conscientious" military judge properly performing his evidentiary gatekeeping role. *See McCormick on Evidence* § 145 at 563 (W. Strong 4th ed.1992); Mil. R.Evid. 104 and 403.

In sum, appellant has said he committed a crime. Why do we not believe him? The military judge found the confession voluntary and sufficiently corroborated to go before the jury. In my opinion, the jury reached a reasonable, proper verdict in this case. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99

S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *United States v. Turner*, 25 MJ 324 (CMA 1987). In this light, the strict corroboration-admissibility rule applied by the majority today is unnecessary and should not be countenanced. Accordingly, I would affirm.