SULLIVAN, Senior Judge
(concurring):
I agree with the majority opinion in this case but have some difficulty squaring it with the majority opinion in United States v. Graham, 50 MJ 56 (1999). In both cases, evidence of a positive urinalysis test result was offered and admitted for a purpose other than to directly show the charged offense. In Graham, however, this Court held that evidence offered for such a purpose must still conform to the rules pertaining to urinalysis evidence delineated in Harper, Murphy, and Ford.[1] Id. at 59-60. The majority reaches a different conclusion today.
*418 More particularly, in Graham, evidence of a prior positive test result for marijuana (in the form of cross-examination testimony by the accused) was offered for a purpose other than to show the charged offense. Evidence of a positive test result four years earlier was offered to impeach (or rebut) an accused who testified “there is no way I would knowingly use marijuana” and that he was “shocked, upset, and flabbergasted” by such a positive test result. See United States v. Graham, supra at 62-63 (Sullivan, J., joined by Crawford, J., dissenting). The majority there reasoned, inter alia, that this evidence was inadmissible because “none of the rules established by Harper, Murphy, and Ford, about the use of positive urinalysis results to prove knowing and wrongful use of marijuana, were followed as to the 4-year-old test result.” Id. at 59.
In appellant’s case, evidence of a prior positive test result (in the form of a business record entry) was admitted for a purpose other than to directly show the charged offense. It was admitted to corroborate appellant’s confession to all the charged misconduct by proving some of the more recently charged drug misconduct included in that confession.[2] See United States v. Melvin, 26 MJ 145 (CMA 1988). As such, this evidence was before the members for their consideration, but not to directly prove the charged offense as in Harper and its progeny. See United States v. Duvall, 47 MJ 189, 192 (1997) (corroborating evidence to be considered by members on questions of weight to afford confession). The majority, however, holds that the rules of admissibility delineated in Harper, Murphy, and Ford need not be complied with in these non-substantive circumstances.
In my view, today’s decision, at least implicitly, erodes the holding of this Court in Graham, and I join it. See United States v. Graham, supra at 60-63 (Sullivan, J., joined by Crawford, J., dissenting).

. United. States v. Harper, 22 MJ 157 (CMA 1986); United States v. Murphy, 23 MJ 310 (CMA 1987); United States v. Ford, 23 MJ 331 (CMA 1987).

. Appellant was charged with wrongfully using marijuana "on divers occasions, between on or about 15 October 1997 and on or about 23 November 1997.” The urinalysis evidenced in this case occurred on November 22, 1997, but the trial judge instructed the members that it could only be used to corroborate the confession. (R. 58-59, 156-57)