STUCKY, Judge
(dissenting):
In my opinion, the United States Army Court of Criminal Appeals (CCA) did not err in affirming Appellant’s conviction for the rape of his stepdaughter, RC, in the bedroom; therefore, I respectfully dissent.
In the written statement he provided to law enforcement agents, Appellant described two incidents in the bathroom of the family apartment in Colorado Springs, in which, among other indecent acts, he rubbed his penis on RC’s vagina, masturbated, and ejaculated. With prodding from the interrogator, Appellant made additional admissions:
Q: Did your penis enter her vagina, which caused her to make that statement [“Ouch, that hurts”]?
A: I do not know. She never stated that it did and honestly I don’t know.
Q: Did the head of your penis enter her vagina, meaning her external labia, and you then stopped before entering her vaginal canal when she stated that it hurt?
A: That could have happened, I remember her saying ouch, yes, that hurts, then I stopped. I can say that is a possibility.
Q: Do you understand what external labia means?
A: Yes.
*430 Q: Do you understand what vaginal canal means?
A: Yes.
Q: Did your penis ever enter [RC]’s vaginal canal?
A: No.
Q: Did your penis ever enter in between Rene’s external labia?
A: Yes.
RC testified that Appellant raped her. “[H]e did take me into my mother’s bedroom and he did penetrate me when I was, like — I don’t remember — 5 or 6.” “I remember going into the bedroom and I remember being bent over in the doggy-style position.... I don’t quite remember what he said, but I remember something hurt — it hurt a lot. And I said ‘Ow, that hurts. Stop. Please stop. Ow, that hurts.’” She agreed with the trial counsel that it was her vagina that hurt. Although RC remembers seven instances during which she was sexually molested, she insisted that there was actual penetration only once. The military judge asked if she believed Appellant penetrated her with his penis. RC answered “yes.”
Military Rule of Evidence (M.R.E.) 304(g) provides in pertinent part:
An admission or a confession of the accused may be considered as evidence against the accused on the question of guilt or innocence only if independent evidence, either direct or circumstantial, has been introduced that corroborates the essential facts admitted to justify sufficiently an inference of their truth_ If the independent evidence raises an inference of the truth of some but not all of the essential facts admitted, then the confession or admission may be considered as evidence against the accused only with respect to those essential facts stated in the confession or admission that are corroborated by the independent evidence.
The corroboration rule seems to contemplate two different issues: First, if objected to, the military judge must hold a hearing to determine whether there is sufficient corroborating evidence to admit the statement, M.R.E. 304(g)(2); second, the trier of fact must consider the “amount and type of evidence introduced as corroboration ... in determining the weight, if any, to be given to the admission or confession.” M.R.E. 304(g)(1); see United States v. Duvall, 47 M.J. 189, 192 (C.A.A.F.1997); 1 Stephen A. Saltzburg et al., Military Rules of Evidence Manual § 304.02[7], at 3-102 (6th ed.2006).
There was no objection to the admission of Appellant’s statement. Therefore, the sole question for the military judge was the weight to give to the admission that his penis entered between RC’s external labia based on the evidence introduced as corroboration. If RC had testified only that she was sexually molested in the bathroom, that alone would have been sufficient for the military judge to give weight to Appellant’s admission that, during the molestation, his penis entered RC’s external labia. Likewise, if RC had testified that she had been molested in the bathroom and raped in the bedroom, without asserting that it was the only time she was raped, then the evidence would have been sufficient for the military judge to give weight to Appellant’s admission. Under these scenarios, we would be unable to tell which rape the military judge convicted Appellant of committing. But here, RC insisted that she was raped only once and it occurred in the bedroom.
“Military judges are presumed to know the law and follow it absent clear evidence to the contrary.” United States v. Martinez, 65 M.J. 431 (C.A.A.F.2007) (summary disposition) (citing United States v. Erickson, 65 M.J. 221, 225 (C.A.A.F.2007) (a sentencing case)). The military judge was confronted with Appellant’s statement wherein he readily admitted performing indecent acts and cunnilingus on RC and having her perform fellatio on him, but only reluctantly admitted that his penis entered RC’s external labia. On the other hand, RC insisted that there was only one rape and it occurred in the bedroom. Under these circumstances, the *431 military judge could not have inferred the truth of Appellant’s statement that he placed his penis between RC’s external labia in the bathroom. The military judge could have convicted Appellant only of the rape in the bedroom. Therefore, I would affirm the decision of the CCA.