# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, CAMPANELLA, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist MATTHEW R. ADAMS, JR.**
**United States Army, Appellant**

ARMY 20110503

Headquarters, Fort Drum
Andrew J. Glass, Military Judge
Lieutenant Colonel Robert L. Manley III, Staff Judge Advocate

For Appellant:  Captain Brian D. Andes, JA (argued); Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain Jack D. Einhorn, JA (on brief).

For Appellee:  Captain Timothy C. Erickson, JA (argued); Colonel John P. Carrell, JA;  Lieutenant Colonel James L. Varley, JA; Major Elisabeth A. Claus, JA; Captain Timothy C. Erickson, JA (on brief).


29 January 2014

------------------------------------
MEMORANDUM OPINION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

Senior Judge COOK:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of larceny, in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921 (2006) [hereinafter UCMJ].[1] The military judge sentenced appellant to a bad-conduct discharge, 165 days of

---

[1] Appellant was found not guilty of the charged offense of robbery, in violation of Article 122, UCMJ, but guilty of the lesser included offense of larceny, a violation of Article 121, UCMJ.  The military judge acquitted appellant of conspiracy to commit robbery, failure to obey an order, wrongful introduction of cocaine onto a military installation, assault with a dangerous weapon, and child endangerment, in violation of Articles 81, 92, 112a, 128 and 134, UCMJ.

confinement, and reduction to the grade of E-1. The convening authority approved only 104 days of confinement but otherwise approved the adjudged sentence.[2]

This case is before us pursuant to Article 66, UCMJ. Appellant raises two assignments of error, one of which merits discussion but no relief.

## BACKGROUND

Appellant's first assignment of error asserts:

THE MILITARY JUDGE ABUSED HIS DISCRETION IN ADMITTING THE PORTION OF SPECIALIST ADAMS' SWORN STATEMENT REGARDING THE TAKING OF COCAINE BECAUSE THE GOVERNMENT FAILED TO CORROBORATE, IN ACCORDANCE WITH MILITARY RULE OF EVIDENCE 304(g), THE ESSENTIAL FACT THAT SPECIALIST ADAMS TOOK COCAINE.

In a pretrial statement made to Special Agent (SA) AM, a member of the Criminal Investigation Command (CID) who was working on Fort Drum's Drug Suppression Team (DST), appellant admitted to collaborating with two individuals to steal cocaine from a local drug dealer named "Ootz". According to appellant, he targeted Ootz because Ootz had cheated appellant during a previous drug deal. Appellant's statement explained he and two associates met Ootz at a local WalMart and then proceeded to a Microtel parking lot. At the Microtel, all four were in Ootz's car when Ootz produced a bag of cocaine. One of appellant's associates then inspected the cocaine. Appellant further admitted that he then pulled out his "S+W 40cal Sigma" gun and "waived [sic] it around quick[ly]." One of appellant's associates then grabbed the cocaine from Ootz and all three left Ootz's car, got back into their car, and drove back to Fort Drum.

At trial, the government did not call either of appellant's associates or the victim to testify. Instead, appellant's confession to SA AM was admitted as a prosecution exhibit and became the government's key piece of evidence. Appellant initially filed a motion to suppress his confession, challenging the voluntariness of his statement. The military judge denied this motion. In addition, appellant challenged the admissibility of the confession due to a lack of corroborating evidence pursuant to Military Rule of Evidence [hereinafter Mil. R. Evid.] 304(g). The government, however, provided evidence that there was a local drug dealer named "Ouzts," appellant did in fact own a .40 caliber pistol, and there was both a WalMart and Microtel within close proximity of each other as well as Fort Drum.

---

[2] The military judge credited appellant with 104 days of confinement credit against his sentence to confinement.

The military judge ultimately admitted portions of appellant's confession—the relevant parts of which are highlighted above—finding these pieces of the confession were properly corroborated pursuant to Mil. R. Evid. 304(g). The military judge excluded other parts of appellant's confession, predominantly statements concerning subsequent drug use by appellant and his associates, because he found these portions were not sufficiently corroborated.

## LAW AND DISCUSSION

### *Admissibility of Appellant's Confession*

Pursuant to Mil. R. Evid 304(g):

> An admission or a confession of the accused may be considered as evidence against the accused on the question of guilt or innocence only if independent evidence, either direct or circumstantial, has been introduced that corroborates the essential facts admitted to justify sufficiently an inference of their truth.

Appellant alleges the military judge improperly admitted his confession into evidence "because the government failed to corroborate the essential fact that [appellant] took cocaine." However, as our superior court has provided,

> The corroboration requirement for admission of a confession at court-martial does not necessitate independent evidence of all the elements of an offense or even of the corpus delicti of the offense. Rather, the corroborating evidence must raise only an inference of truth as to the essential facts admitted. Moreover, while the reliability of the essential facts must be established, it need not be done beyond a reasonable doubt or by a preponderance of the evidence.

*United States v. Seay*, 60 M.J. 73, 79 (C.A.A.F. 2005) citing *United States v. Cottrill*, 45 M.J. 485, 489 (C.A.A.F. 1997). In addition, "[b]oth [Mil. R. Evid] 304(g) and *Cottrill* set forth a very low standard," *Seay*, 60 M.J. at 80, and "it is settled military law that the quantum of evidence needed to corroborate [a confession] 'may be very slight.'" *U.S. v. Grant*, 56 M.J. 410, 416 (C.A.A.F. 2002) (citing *United States v. Melvin*, 26 M.J. 145, 146 (C.M.A. 1988)).

Therefore, contrary to appellant's assignment of error, the issue is not whether the government failed to corroborate whether appellant "took cocaine," but rather whether the corroborating evidence justifies the inference as to the truth of the essential facts of the confession. *See Seay*, 60 M.J. at 80. This concept is consistent with the rationale behind Mil. R. Evid 304(g), namely to "ensure that [a]

confession is not false." *Grant,* 56 M.J. at 416 (citing *United States v. Duvall*, 47 M.J. 192 (C.A.A.F 1997)).

Here, the essential facts of appellant's confession corroborated by independent evidence are the identity of the victim of the larceny, the appellant's use of a Smith and Wesson .40 caliber pistol, and the location of a WalMart and Microtel as the situs of the crime. The independent evidence corroborating these facts is as follows.

First, appellant, in his confession, stated repeatedly that the person who he stole cocaine from was a drug dealer named "Ootz." Two DST members who worked for the Fort Drum CID testified they were familiar with an individual who went by that fairly uncommon and unique name.[3] Special Agent AM stated that the individual who appellant identified as the victim of the theft was a former soldier. Special Agent SV, the DST chief for Fort Drum, supplied more information. After first stating that she recognized the victim as the person appellant had "robbed," SA SV testified the victim was a former soldier who was "reported to be a drug dealer in the local area."

Second, appellant, in his confession, stated he pulled out and waved around a "S+W 40cal" gun during the larceny. A weapon matching that description, a Smith & Wesson .40 caliber pistol, was recovered from appellant's residence four days after the larceny, and introduced by the government at trial.

Third, in appellant's confession, he stated that he and his associates met the victim at a Walmart and then proceeded to a Microtel where the larceny took place. Testimony at trial established that both a Walmart and Microtel were located in appellant's local area and were in close proximity to one another.

---

[3] In appellant's confession, the victim's name is spelled as "Ootz." Appellant was charged with robbing "Matthew R. Ouzts." When questioned at trial, although the name of the victim is not spelled out, both special agents stated they were familiar with the name of the person who appellant had identified as the victim. This name is spelled as "Ouzts" on the record. The military judge, while making his ruling on the admissibility of the confession, referred to the victim twice. On the record, the victim's name is spelled "Ouzts" both times. In finding appellant guilty of larceny, the military judge excepted out the victim's name "Matthew R. Ouzts" from the specification and substituted the phrase, "a person known to the accused as 'Oootz, O-o-o-t-z,'" and found appellant not guilty of the excepted words and guilty of the substituted words. Although the record therefore contains three different spellings of the victim's name, based on both the uniqueness and similarity of the three names, we find the special agents' testimony on this issue sufficient to be considered as corroborating evidence of appellant's admitted victim.

Based on this corroborating evidence, it is reasonable to infer the truth of the essential facts in appellant's confession to stealing cocaine. This inference is drawn from the following facts: the victim of the cocaine theft shared a similar, yet uncommon, name to a known drug dealer in the local Fort Drum area; a weapon matching the description of the one appellant stated he used in the theft was found in his residence four days after the incident; and the named locations of the meeting place and the theft were in the local area and in close proximity to one another.

We therefore hold that this reasonable inference adequately corroborated appellant's confession, and find that the military judge properly admitted appellant's confession into evidence.

## CONCLUSION

On consideration of the entire record and the assigned errors, we hold the findings of guilty and the sentence as approved by the convening authority are correct in law and fact.

Accordingly, the findings of guilty and the sentence are AFFIRMED.

Judge CAMPANELLA and Judge HAIGHT concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court